IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LONZIE EARL NICHOLS, JR.**                                                 **PLAINTIFF**

v.                                                                                                                                   No. 1:12CV4-M-V

**JIM HOOD, ET AL.**                                                                                  **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the petition of Lonzie Earl Nichols, Jr. for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed. Nichols has not responded to the motion, and the deadline for response has expired. For the reasons set forth below, the State's motion will be granted and the petition dismissed as untimely filed under 28 U.S.C. § 2244(d).

### Facts and Procedural Posture

Lonzie Nichols is in the Mississippi Department of Corrections and is currently housed at the Marshall County Correctional Facility in Holly Springs, Mississippi. Nichols was convicted of one count of Murder in the Circuit Court of Clay County, Mississippi. On October 11, 2007, he was sentenced to serve life in custody of the Mississippi Department of Corrections. His conviction and sentence were affirmed by the Mississippi Supreme Court. *Nichols v. State*, 27 So.3d 433 (Miss. Ct. App. 2009) reh'g denied, Nov. 10, 2009, cert. denied, Feb. 11, 2010 (Cause No. 2007-KA-02256-COA). Nichols filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on October 4, 2010. Nichols filed an "Appellant's Brief with New Disclosed Evidence Seeking A Evidentiary Hearing" in the Mississippi Court of Appeals on September 29, 2011. The document had no dated signature. That court treated the filing as a motion for post-conviction relief and denied the motion on November 30, 2011.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Nichols' motion for post-conviction collateral relief was filed within the one-year time limitation period prescribed by the Antiterrorism and Effective Death Penalty Act. As such, the statute of limitations for his federal petition for a writ of *habeas corpus* is tolled for the pendency of his state post-conviction motion. As Nichols' motion was neither signed nor dated, the court has calculated the signature date by allowing the standard three days for U.S. mail delivery. Calculated thus, the statute of limitations was tolled for sixty-five days from the day his one-year time limitation period would have originally expired, October 4, 2011. Nichols' *habeas corpus* petition was due by December 8, 2011.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on December 29, 2011, and the date it was received and stamped as "filed" in the district court on January 4, 2012. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 21 days after the December 8, 2011, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 13th day of March, 2013.

                                       /s/ MICHAEL P. MILLS
                                       **CHIEF JUDGE**
                                       **UNITED STATES DISTRICT COURT**
                                       **NORTHERN DISTRICT OF MISSISSIPPI**